**JOHN P. PRODUCTIONS, INC., d/b/a/ JP Productions, Plaintiff,**

v.

**CBS, INC. d/b/a/ WCBS–FM 101 and Billboard Productions, Inc., Defendants.**

**No. 97 CIV. 6097(JSR).**

United States District Court, S.D. New York.

July 6, 1998.

Gerard F. Dunne, New York City, for Plaintiff.

Lowell B. Davis, Carle Place, NY, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff, seeking damages and injunctive relief, brings this action for false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under New York State law. On May 18, 1998, plaintiff and defendant filed cross-motions for summary judgment. For the reasons discussed below, the motions of both plaintiff and defendants are denied.

The undisputed facts are as follows. On July 19, 1997, defendant Billboard Productions, Inc. produced a concert at the Westchester County Center at which several "oldies" musicians were featured, including groups billed as "The Coasters," "The Platters," and "The Drifters." Billboard promoted the July 19 concert by means of printed flyers, mailings, and newspaper advertisements and by commercials broadcast over WCBS FM, a radio station that features "oldies" music and that is owned by co-defendant CBS, Inc. The background music to the radio commercials included a very brief (and barely distinguishable) excerpt from a recording of the song "Yakety Yak" by the original Coasters group. The actual groups performing at the Westchester County Cen-

ter did not, however, include any of the original members of the groups that first came to prominence in the 1950's under the names of "The Coasters," "The Platters," or "The Drifters." Accordingly, plaintiff John P. Productions, Inc., which at all relevant times was a booking agent for Carl Gardner (one of the original members of The Coasters), Herb Reed (one of the original members of The Platters), and Willie B. Pinkney (one of the original members of The Drifters), commenced this action, contending that defendants falsely represented in effect that the groups performing at the July 19 concert were the original "Coasters," "Platters," and "Drifters" and that such misleading advertising injured plaintiff's ability to obtain bookings for its clients.

*Plaintiff's Motion for Summary Judgment*

Although plaintiff contends that the advertisements for the July 19 concert were both false and misleading, plaintiff has not in fact identified any statement in the advertisements that is literally false. The groups actually performing at the July 19 concert did indeed identify themselves as "The Coasters," "The Platters," and "The Drifters," so the advertisements indicating that groups of these names would perform were literally true.

■■■ As for misleading, "when the claim is that a literally true statement has a tendency to mislead, confuse or deceive, evidence must be introduced to show what the person to whom the advertisement was addressed found to be the message." *Avis Rent A Car System, Inc. v. Hertz Corp.,* 782 F.2d 381, 386 (2d Cir.1986). In support of its claim of implied falsehood, plaintiff introduces affidavits of three concert-attendees and a survey of some 80 others indicating their expectation that original members of these groups would be performing.[1] But even apart from the fact that plaintiff's survey was prepared by plaintiff's counsel and conducted by a relative of plaintiff's counsel, thus raising serious questions as to its objec-

tivity, *see Weight Watchers Int'l Inc. v. Stouffer Corp.,* 744 F.Supp. 1259, 1272 (S.D.N.Y.1990), the survey is of limited value, since it provides no indication as to how many of the persons surveyed saw or heard defendants' advertisements. *See* Prekelezovic Dec., Exh. A and B. The more particularized affidavits of three attendees, while entitled to some weight, are insufficient, with or without the survey, to support a grant of summary judgment, given that more than 3800 persons attended the concert. *See Universal City Studios, Inc. v. Nintendo Co.,* 746 F.2d 112, 118 (2d Cir.1984). Accordingly, plaintiff's motion for summary judgment must be denied because the advertisements were not literally false and a genuine dispute remains as to whether they were impliedly false or otherwise misleading, confusing, or deceptive.

*Defendants' Motion for Summary Judgment*

■■■ In their competing summary judgment motion, defendants argue that plaintiff lacks standing to bring this action and also that plaintiff has not shown that it lost any revenue. However, a plaintiff bringing a false advertising claim under § 43(a) "need not demonstrate that it is in direct competition with the defendant or that it has lost any sales because of defendant's advertisements," *Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,* 32 F.3d 690, 694 (2d Cir.1994); *PPX Enterprises, Inc. v. Audiofidelity, Inc.,* 746 F.2d 120, 124–25 (2d Cir.1984), but need only "demonstrate a 'reasonable interest to be protected' against the advertiser's false or misleading claims, and a 'reasonable basis' for believing that this interest is likely to be damaged by the false or misleading advertising." *PDK Labs Inc. v. Friedlander,* 103 F.3d 1105, 1111 (2d Cir.1997) (citations omitted). Here, plaintiff has shown a reasonable interest in obtaining bookings for its clients as the original creators and performers of music with which they are clearly identified and a reasonable basis for believing that that interest will be damaged by the disappoint-

---

1. To the survey question "Do you expect to see the artists who recorded famous oldies?" 62 people said "yes," 17 said "no." Prekelezovic Dec. at ¶ 7. To the question "Do you know that those performing as The Drifters, The Coasters, and The Platters are actors who were not involved in recording the songs made famous by those groups in the 50s?" 14 said "yes" and 49 said "no." *Id.* at ¶¶ 9–10.

ment of consumer expectations created by defendants' advertisements.

Defendants further argue that plaintiff has failed to show sufficient consumer confusion to withstand summary judgment. However, while the survey evidence and attendee affidavits are inadequate to support an award of summary judgment to plaintiff, they still raise an inference of consumer deception sufficient to defeat defendants' motion. *See McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38 (2d Cir.1988).[2]

In sum, for the reasons stated above, the motions of both plaintiff and defendants for summary judgment are denied.[3] Counsel are reminded that the trial of this case is firmly scheduled for July 21, 1998, that their joint pretrial order, proposed jury charges, and any motions in limine are due in Chambers by July 14, 1998, and that their proposed voir dire requests and a courtesy copy of each party's pre-marked trial exhibits are due in Chambers by July 16, 1998. In the interim, per the parties' letter of July 2, 1998, this matter is referred to Magistrate Judge Bernikow for settlement discussions.

SO ORDERED.

---

**2.** Accordingly, the Court need not reach plaintiff's motion to strike defendants' inclusion in their summary judgment papers of materials from an expert, Jeffrey M. Samuels, whom defendants failed to designate.

**3.** Defendants have also moved, pursuant to Fed. R.Civ.P. 36(b), for leave to withdraw the admissions of defendant CBS, Inc. that were effectively made through failure of prior counsel to timely respond to plaintiff's requests to admit. Because plaintiff has not shown prejudice, defendants' motion is granted and the belated responses to plaintiff's requests to admit proffered by CBS, Inc. may now be filed.